11th Court of Appeals

 Eastland, Texas

          Opinion

 

Vincent Henry Flowers                        

Appellant

Vs.       No. 11- 02-00338-CR B Appeal from Grayson County

State of Texas

Appellee

 

Vincent
Henry Flowers waived a jury trial, and the trial court convicted appellant of
felony assault on a public servant. 
TEX. PENAL CODE ANN. ' 22.01 (Vernon 2003).  The trial
court assessed punishment of two years. 
TEX. PENAL CODE ANN ' 12.34 (Vernon 2003).  In two
points of error, appellant challenges the legal and factual sufficiency of the
evidence.  We affirm.

      Background Facts

Appellant
had an outstanding arrest warrant for parole violation.  Detectives Brice Smith, Terry Dunn, and
Jason Jeffcoat of the Sherman Police Department went to an apartment complex to
execute the warrant.  Approaching the
apartment in an unmarked police car, Detectives Smith and Dunn noticed
appellant=s vehicle sitting in an adjacent parking
lot.  As they pulled into the parking
lot, appellant came running around a fence and collided with the hood of their
unmarked police car. Detective Smith stepped from the car, advised appellant
that he was a police officer, and ordered appellant to get on the ground.  Appellant turned and ran away from the
officers.  Detective Smith apprehended
appellant after a short chase, and a struggle ensued.  Detective Jeffcoat arrived, and a marked police car arrived shortly
after the struggle ended.  After he was
handcuffed and was being escorted to the marked police car, appellant kicked
Detective Dunn in the shin.  Detective
Dunn testified that it hurt and that the kick caused an inch and a half
abrasion on his shin. Detective Jeffcoat testified that he saw appellant kick
Detective Dunn.

 

 








Sufficiency
of the Evidence

Appellant
contends that the evidence is legally and factually insufficient to support his
conviction.  In order to determine if
the evidence is legally sufficient, we must review all of the evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak as to render the
conviction clearly wrong and manifestly unjust or whether the evidence
supporting guilt, although adequate when taken alone, is so greatly outweighed
by the overwhelming weight of contrary evidence as to render the conviction
clearly wrong and manifestly unjust. 
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v.
State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v.
State, 922 S.W.2d 126 (Tex.Cr.App.1996). 


A person
commits an assault against a public servant if he: (1) intentionally,
knowingly, or recklessly causes bodily injury to another and (2) knows the
person is a public servant who is lawfully discharging an official duty.  Section 22.01.  Bodily injury means physical pain, illness, or any impairment of
physical condition.  TEX. PENAL CODE ANN
' 1.07(8) (Vernon 2003).

Detective
Dunn and Detective Jeffcoat testified that appellant kicked Detective Dunn
after appellant was handcuffed and was being led to a marked police car.  Detective Dunn also testified that it hurt
when he was kicked and that the kick caused an abrasion.  The evidence is legally sufficient to
support appellant=s
conviction for assault on a public servant. 








The
evidence is also factually sufficient. 
While appellant testified that he did not kick Detective Dunn, the fact
finder is the sole judge of the credibility of the witnesses and the weight to
be given their testimony.  Adelman v.
State, 828 S.W.2d 418, 421 (Tex.Cr.App.1992). The fact finder may choose to
believe or disbelieve all or any part of any witness=s testimony. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App.1986), cert. den=d, 488 U.S. 872 (1988).  We
cannot say that the verdict is so greatly outweighed by the overwhelming weight
of contrary evidence that the conviction is clearly wrong and manifestly
unjust.  Appellant=s points are overruled.

This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

April 24, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.